**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, as subrogee of SIXTY ACRE RESERVE CONDOMINIUM ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> BROAN-NUTONE, LLC, et al., <br><br> Defendants. | CIVIL ACTION NO. 12-4398 (MLC) <br><br> **MEMORANDUM OPINION** |

The plaintiff, Greater New York Mutual Insurance Company ("GNY"), brought this subrogation action ("GNY Action") to recover damages for losses sustained in a fire by its insured, Sixty Acre Reserve Condominium Association ("SARCA"), in New Jersey Superior Court, Ocean County ("Ocean County Superior"). (See dkt. entry no. 1, Notice of Removal, Ex. C, GNY Compl. at 2-3.) Three of the four defendants named therein — i.e., Broan-Nutone, LLC ("BNLLC"), Jakel, Inc. ("JKI"), and Regal Beloit Corporation ("RBC") — removed the GNY Action to this Court. (See Notice of Removal at 1.)[1]

---

[1] BNLLC, JKI, and RBC assert that the fourth defendant — Aubrey Manufacturing, Inc. ("AMI") — is a defunct entity. (See Notice of Removal at 3.) GNY does not contest this assertion, and counsel has not appeared on behalf of AMI in the GNY Action. Therefore, the Court will separately order GNY to show cause why the Complaint insofar as it is asserted against AMI should not be dismissed pursuant to either Federal Rule of Civil Procedure 4(m) or Local Civil Rule 41.1.

GNY now moves to remand the GNY Action ("Motion").  (See dkt. entry no. 3, Notice of Mot. at 1-2.)  For the following reasons, this Court is constrained to deny the Motion.

## BACKGROUND

Jane Hassinger owned a residential unit ("Unit") that was located within SARCA.  (See dkt. entry no. 3, Cinquina Certification at 1.)  There was a fan installed on the Unit's ceiling ("Ceiling Fan").  (Id.)  The defendants allegedly were involved in the design, manufacture, and sale of the Ceiling Fan and its motor.  (See GNY Compl. at 2.)[2]

A fire occurred in the Unit on November 2, 2010.  (Id. at 2-3.)  Hassinger's insurer, State Farm Fire & Casualty Company ("SFF"), covered Hassinger for her losses.  (See Cinquina Certification at 2.)  GNY covered SARCA for its losses.  (See GNY Compl. at 3.)

SFF then brought a subrogation action ("SFF Action") in Ocean County Superior on February 15, 2012, asserting claims of products liability against BNLLC, AMI, JKI, and RBC.  (See Cinquina Certification, Ex. A, SFF Compl. at 2-3.)  SFF alleged that (1) defects in the Ceiling Fan and its motor caused the

---

[2] The parties do not specify in their pleadings whether the Unit was a residential unit.  The Court has determined that the Unit was a residential unit through independent research on Westlaw.

fire, and (2) SFF was entitled to recover damages from those defendants due to the losses sustained in the fire.  (Id. at 2-3.)  GNY brought the GNY Action in Ocean County Superior on April 4, 2012, asserting the same types of claims against the same defendants.  (See GNY Compl. at 2-3.)

BNLLC, JKI, and RBC removed the GNY Action to this Court pursuant to the subject-matter jurisdiction conferred by 28 U.S.C. § ("Section") 1332.  (See Notice of Removal at 2-3; id., Ex. E, GNY Statement Of Damages (demanding $120,000 in damages).)  But the SFF Action remained in Ocean County Superior, as the claims therein did not the meet the amount-in-controversy threshold of Section 1332.  (See Cinquina Certification at 3 (stating SFF seeks $66,963.73 in damages).)

GNY argues in support of the Motion that: (1) the same defendants are named in both the GNY Action and the SFF Action; (2) the discovery issues that will inevitably arise in each action will be either the same or similar; (3) litigating the GNY Action and the SFF Action in separate courts will waste resources; and, (4) the GNY Action should be remanded in order to facilitate consolidation with the SFF Action for the purposes of wise judicial administration.  (See dkt. entry no. 3, GNY Br. at 3-7; dkt. entry no. 9, GNY Reply Br. at 7-8, 10.)  BNLLC, JKI, and RBC oppose the motion.  (See dkt. entry no. 4, BNLLC Opp'n Br. at 1-5; dkt. entry no. 8, JKI & RBC Joint Opp'n Br. at 2-3.)

3

**DISCUSSION**

**I.   Colorado River**

GNY asks the Court to: (1) refrain from exercising subject-matter jurisdiction over the GNY Action; and, (2) remand the GNY Action to the state court where the arguably parallel SFF Action is being litigated.  GNY argues — without any supporting authority — that "this matter is not based upon . . . any of the . . . abstentions outlined in [Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)], but rather upon the basis of wise judicial administration".  (GNY Reply Br. at 10.)  That argument is simply without merit, as this Court has no authority to remand the GNY Action to Ocean County Superior for the purposes of "wise judicial administration" due to the existence of the SFF Action.  The Court must refer to Colorado River for guidance.  See McMurray v. De Vink, 27 Fed.Appx. 88, 92 (3d Cir. 2002) (stating that "[i]t is well established . . . that Colorado River governs motions to dismiss on grounds of abstention"); Neuner v. Samost, No. 12-2420, 2012 WL 5247773, at *2-3 (D.N.J. Oct. 24, 2012) (referring to Colorado River on motion to remand an action to state court where an arguably parallel action was proceeding).

Federal courts have a "virtually unflagging obligation" to exercise the subject-matter jurisdiction bestowed upon them, and the mere "pendency of an action in the state court is no bar to

proceedings concerning the same matter in the [f]ederal court having jurisdiction". Colo. River, 424 U.S. at 817 (citations and internal quotation marks omitted). Nonetheless, pursuant to Colorado River, there may be exceptional circumstances presented by an action requiring a federal court to grant the type of relief that GNY seeks here. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 14-15 (1983).

**II.   The Motion**

It is of no moment that the SFF Action and the GNY Action were brought by different plaintiffs and seek different amounts of damages. For the purposes of the analysis here, it is sufficient that the two actions appear to be substantially similar in nature. See Neuner v. Samost, 2012 WL 5247773, at *3.

But Colorado River requires GNY to show that there is a "clear congressional policy against piecemeal litigation" counseling in favor of remand of an action to recover damages for products liability when there is a parallel action in state court. McMurray, 27 Fed.Appx. at 92; see Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997) (stating that "garden-variety state law issues" concerning negligence are not "sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts"). The "narrowness" of the holding in Colorado River is exemplified by this requirement, and it is a prime consideration when a party attempts to overcome

a federal court's obligation to exercise subject-matter jurisdiction. Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 172 (3d Cir. 1999); see McMurray, 27 Fed.Appx. at 93. GNY has failed to meet this requirement, and thus the Court need not address any of the other factors raised in Colorado River.

Any concerns that GNY may have due to litigation occurring simultaneously in Ocean County Superior and this Court can be resolved with reference to the doctrines of res judicata and collateral estoppel, as well as any doctrines related thereto. See Spring City Corp., 193 F.3d at 172. The GNY Action will proceed in this Court.[3]

## CONCLUSION

The motion to remand the GNY Action to Ocean County Superior will be denied. The Court will issue an appropriate order.

                                                        s/ Mary L. Cooper
                                                        **MARY L. COOPER**
                                                        United States District Judge

Dated: March 20, 2013

---

[3] GNY bemoans that "[t]he Courts will then have to deal with issues of collateral estoppel, res judicata and the like" if the GNY Action is not remanded to Ocean County Superior, where the GNY Action would likely be consolidated with the SFF Action. (GNY Br. at 7.) Indeed, this Court and Ocean County Superior may be required to deal with such issues.